317 F.2d 509
 WILLIAM N. FEINSTEIN & CO., Inc., successor to William N. Feinstein and Bernard Fatell, co-partners doing business under the firm name and style of William N. Feinstein & Co., Plaintiff-Appellant,
v.
UNITED STATES and The Interstate Commerce Commission, Defendants-Appellees, and
The Baltimore and Ohio Railroad Company, Erie-Lackawanna Railroad Company, The New York Central Railroad Company and The Pennsylvania Railroad Company, Interveners.
 No. 262.
 Docket 27917.
 United States Court of Appeals Second Circuit.
 Argued April 16, 1963.
 Decided May 21, 1963.
 
 Norman A. Coplan, New York City (Bernstein, Weiss, Hammer & Parter, New York City, on the brief), (Michael C. Bernstein and Jacob Greenwald, New York City, of counsel), for plaintiff-appellant.
 I. K. Hay, Associate General Counsel, Interstate Commerce Commission, Washington, D. C. (Robert W. Ginnane, General Counsel, Interstate Commerce Commission, on the brief), for defendant-appellee Interstate Commerce Commission.
 Edward A. Kaier, Philadelphia, Pa. (Andrew C. Armstrong, Richard E. Costello, J. Edgar McDonald, Philadelphia, Pa., on the brief), (Edward F. Butler, New York City, of counsel), for intervenors-appellees.
 Before SMITH, KAUFMAN and MARSHALL, Circuit Judges.
 MARSHALL, Circuit Judge.
 
 
 1
 This is an appeal by plaintiff below, William N. Feinstein & Co., Inc., from a judgment entered by the United States District Court for the Southern District of New York, Ryan, C. J., which dismissed on the merits an action seeking review of a decision of the Interstate Commerce Commission. William N. Feinstein & Co. v. United States, 209 F.Supp. 613 (S.D. N.Y.1962). The Commission's decision found that certain charges exacted from plaintiff's assignor by the New York Central Railroad for the unloading of onions consigned to the railroad's Pier 17 in New York City were not unjust, unreasonable, or otherwise unlawful. William N. Feinstein & Co. v. New York Cent. R.R., 313 I.C.C. 783 (1961). Asserting jurisdiction under 28 U.S.C.A. §§ 1398 and 2321-2323, plaintiff sought to have the district court set aside and annul the Commission's determination on the ground that it was arbitrary, capricious, an abuse of discretion, unsupported by substantial evidence, and otherwise unlawful. 5 U.S.C.A. §§ 1001-1011; 49 U.S.C.A. § 17(9). We affirm the decision of the district court.
 
 
 2
 The present lawsuit represents only the most recent stage of what has been a protracted history of proceedings variously before the Commission and the courts to determine the legality of separate charges sought by terminal carriers, in addition to the line haul rate, for unloading perishable produce consigned to the New York pier stations. See Unloading Charges on Fruits and Vegetables, 272 I.C.C. 648 (1948); Unloading Charges on Fruits and Vegetables, 286 I.C.C. 119 (1952); Florida Citrus Commission v. United States, 114 F.Supp. 420 (S.D. Fla.1953); Secretary of Agriculture of United States v. United States, 347 U.S. 645, 74 S.Ct. 826, 98 L.Ed. 1015 (1954). That history is carefully and completely traced in Judge Ryan's opinion below and no purpose would be served by repeating it here. Brief mention should be made, however, of the proceedings immediately prior to the present one in order to make clear the issues here involved.
 
 
 3
 In proceedings held in 1956, the Commission found that certain unloading charges had not been shown to be just and reasonable and ordered the schedule of charges, put into effect by the railroads in 1947, cancelled. Unloading Charges on Fruits and Vegetables, 298 I.C.C. 637 (1956). Following that determination, plaintiff's assignor brought suit in the United States District Court for the Southern District of New York against the New York Central Railroad to recover as damages the charges which in the past it had paid to the railroad for the unloading of onions consigned to Pier 17 of the railroad. Judge Learned Hand, sitting as a district court judge, held that all claims with respect to shipments unloaded more than two years prior to filing of the suit were barred by the applicable statute of limitations. He stayed judgment as to all claims falling within the two-year statutory period, December 1954 to December 1956, until the Commission had been given an opportunity to decide whether the unloading charges were unjust and unreasonable when paid. The decision to require an express finding of this nature from the Commission was based on the view that although the Commission's decision at 298 I.C.C. 637 (1956) put an end to the unloading charges for the future, it did not follow that the Commission had intended to find the charges unlawful when paid. Feinstein v. New York Cent. R.R., 159 F.Supp. 460, 463 (S.D.N.Y.1958). Appropriate proceedings were instituted and the Commission in due course held that the charges had not been shown to have been unjust, unreasonable, or otherwise unlawful when exacted. 313 I.C.C. 783 (1961). It is that decision which the plaintiff in the present action, as assignee of the complainants before the Commission, seeks to have set aside.
 
 
 4
 Having lost in the district court, plaintiff now urges upon us the same arguments that were rejected below. In reviewing the district court's decision, we are bound by well-settled rules that limit us to determining only whether Judge Ryan's decision was clearly erroneous in holding that the Commission's conclusions were based on adequate findings supported by substantial evidence, Universal Camera Corp. v. N. L. R. B., 340 U.S. 474, 71 S.Ct. 456, 95 L.Ed. 456 (1951), and whether the Commission's decision is otherwise free from errors of law. Because we find Judge Ryan's detailed discussion of the issues presented to be wholly adequate, an extensive repetition of what already appears in his well-reasoned opinion is unnecessary.
 
 
 5
 Plaintiff makes three points. First, it contends that the decision of the Commission should be set aside as arbitrary and irrational because the findings upon which it is based are not supported by substantial evidence on the record. Although the "general rule is that it is the responsibility of the carrier, as part of the transportation service covered by the line-haul rate, to `deliver' the goods by placing them in such a position as to make them accessible to the consignee," Secretary of Agriculture of United States, v. United States, 347 U.S. 645, 647, 74 S.Ct. 826, 828, 98 L.Ed. 1015 (1954), a demonstration of the existence of an unusual situation will justify the Commission in permitting the carrier to exact an unloading charge in addition to the regular line haul rate. Cf. New England Coal & Coke Co. v. Norfolk & W. R. Co., 33 I.C.C. 276 (1914). In the present case, the Commission rested its conclusion that the circumstances justified allowance of the unloading charge upon two findings of fact: (1) that the produce was sent to the pier stations and unloaded there primarily to allow use of the special sale and auction facilities existing there, rather than merely to effect delivery to the consignees; and (2) that plaintiff had the option of taking railroad team-track delivery without payment of any charge beyond the line haul rate, instead of requesting pier station delivery, as it did. These findings of fact were amply supported by the record before the Commission, as Judge Ryan's opinion demonstrates, and furnish a reasonable basis for the Commission's decision. See Alabama Great Southern R.R. Co. v. United States, 340 U.S. 216, 227-228, 71 S.Ct. 264, 95 L.Ed. 225 (1951). We find no reason to substitute our judgment for the expertise and experience of the Commission when it is as clear as it is here that the Commission has performed its required duties within the permissible bounds of the law.
 
 
 6
 Second, plaintiff contends that the decision of the Commission should be set aside as arbitrary and capricious because of its alleged inconsistency with the Commission's earlier decision at 298 I.C.C. 637 (1956). This contention is not sustainable; the mere fact of inconsistency with a prior decision, even assuming such inconsistency had been demonstrated, is not a valid basis for setting aside the later decision of an administrative agency. Cf. Federal Communications Commission v. W.O.K.O. Inc., 329 U.S. 223, 67 S.Ct. 213, 91 L.Ed. 204 (1946). In proceedings of this kind, a court reviews no more than the particular administrative order which the plaintiff has challenged and seeks to determine only whether the record in the case before it contains substantial evidence to support the findings upon which the order is based. Tagg Bros. & Moorhead v. United States, 280 U.S. 420, 50 S.Ct. 220, 74 L.Ed. 524 (1930). Because the record in a given prior proceeding is not before the court, any comparison of the kind which plaintiff seeks to have us make between an earlier and a later agency decision is neither possible nor appropriate. Moreover, as Judge Ryan pointed out, there were important differences between the proceedings before the Commission leading to the decision at 313 I.C.C. 783 (1961) and those leading to the decision at 298 I.C.C. 637 (1956) — differences that would justify results which might otherwise seem to be inconsistent. Not the least of these differences was the fact that the burden of proof in each proceeding rested on different parties and the fact that the evidence presented in the second proceeding differed from the evidence presented in the first as to the adequacy of the team-track facilities as an alternative to delivery at the pier.
 
 
 7
 Finally, plaintiff contends that the decision of the Commission should be set aside because of its reliance upon Ex Parte 212, 304 I.C.C. 298 (1958). Judge Ryan held that although plaintiff was correct in contending that the Commission's reliance in this respect was "misplaced," it "was not vital to its decision. What was controlling was the Commission's finding of a special situation at Pier 17. This finding we have found supports the lawfulness of the exaction of the assailed charge and as it has support in the record and a rational basis in law, sustains the decision under review." 209 F.Supp. at 623. In so holding, Judge Ryan gave a fair reading to the Commission's decision and appropriate weight to its respective components.
 
 
 8
 Affirmed.